Robert ZIMMER, Plaintiff,

v.

**UNITED DOMINION INDUSTRIES, INC. and The Marley Company, Defendants.**

**No. Civ. 99–2207.**

United States District Court,
W.D. Arkansas,
Ft. Smith Division.

April 6, 2000.

Jay Kutchka, Jones, Jackson & Moll, Fort Smith, AR, Stephen M. Warner, Keith A. Hanson, Fetterly & Gordon, P.A., Minneapolis, MN, for plaintiff.

John A. Davis, III, Little Rock, AR, David C. Wright, III, Robinson, Bradshaw & Hinson, P.A., Charlotte, NC, for defendants.

## MEMORANDUM OPINION & ORDER

DAWSON, District Judge.

On this 6th day of April 2000, there comes on for consideration the motion for summary judgment filed by the separate defendant, United Dominion Industries, Inc. (Doc. # 16.) Plaintiff originally filed this products liability case alleging that United Dominion Industries, through its wholly owned subsidiary, designed, manufactured, and marketed a defective electric space heater. It is alleged that Plaintiff purchased one of the heaters and installed it in his poultry barn. According to the Plaintiff, the defective heater caused a fire which resulted in the loss of his barn and attached egg room. Because we find that United Dominion Industries was obliged to affirmatively plead that it is not the proper defendant and failed to do so, the motion for summary judgment should be and hereby is DENIED.

### I. Background.

The relevant facts are not in dispute. United Dominion Industries (UDI) is a Delaware corporation with a principal place of business located at 2300 First Union Center in Charlotte, North Carolina. Separate defendant The Marley Company is also a Delaware corporation with a principal place of business at 2300 First Union Center in Charlotte, North Carolina. UDI purchased The Marley Company in 1993, and The Marley Company became a wholly owned subsidiary of UDI.

The Marley Company has a board of directors that is completely separate from the board of directors of UDI, although some of the officers of The Marley Company are also officers of UDI. The Marley Company maintains a separate banking account and separate ledgers. In states where consolidated income tax filing is not allowed, The Marley Company files a separate tax return. The Marley Company maintains a pension plan that is separate from UDI.

Marley Electric Heating is a division of The Marley Company which designs and manufactures electric heating units for sale through distributors, including the unit which allegedly caused the fire in Plaintiff's poultry barn. Marley Electric Heating has a principal place of business in Bennettsville, South Carolina, but Marley Electric Heating is not a corporate entity separate and apart from The Marley Company.

The Plaintiff is a poultry grower in Waldron, Arkansas. In 1990, the Plaintiff purchased from a local Grainger distributorship a Qmark Model 2E580 electric space heater which had been designed and manufactured by Marley Electric Heating. The heater was installed in the egg room of the Plaintiff's poultry barn. On January 19, 1997, a fire broke out in the poultry barn totally destroying the Plaintiff's poultry operation. At the time of the fire, the Plaintiff's insurance carrier was American Bankers Insurance Group.

Upon learning that the heating unit may have been the cause of the fire, in or around July and/or September 1997, a representative of American Bankers Insurance Group sent a notice of Plaintiff's potential claim to Grainger. In response, Grainger wrote to Marley Electric Heating on November 19, 1997, requesting that Marley Electric Heating resolve the potential claim against Grainger. (Pl.'s Resp.Mot.Summ.J.Ex. B.) The notice of claim was eventually forwarded to Constitution State Service Company (CSSC), the claims administrator for UDI. By letter dated March 6, 1998, CSSC wrote to American Bankers and acknowledged receipt of the notice of potential claim on behalf of UDI. In that letter, CSSC also stated, "Marley Electric Heating is a wholly owned subsidiary of United Dominion Industries, Inc." (*Id.* Ex. C.) No where in the letter is it explained or even intimated that Marley Electric Heating is actually an operating division of The Marley Company, a Delaware corporation which is a wholly owned subsidiary of UDI.

American Bankers Insurance Group eventually referred the claim against Marley Electric Heating to an attorney, Stephen M. Warner, for litigation. Prior to filing suit, Mr. Warner attempted to determine the

identity of the manufacturer of the QMark heater. According to his affidavit, Mr. Warner contacted the Secretaries of State for the states of Delaware, North Carolina, South Carolina, and Arkansas and inquired about the corporate status of Marley Electric Heating, Marley Electric Company and United Dominion Industries, Inc. Mr. Warner was informed that neither Marley Electric Heating nor Marley Electric Company was registered as a corporation in any of the aforementioned states. Mr. Warner did learn that UDI was a Delaware corporation with a principal place of business in Charlotte, North Carolina. (Aff. of Stephen M. Warner at ¶¶ 3–4.) In addition, Mr. Warner conducted an internet search of the names set forth above, and found a site for UDI which made no mention of Marley Electric Heating or The Marley Company. (Id. at ¶¶ 5–6.)

The Plaintiff filed his original complaint in Scott County Circuit Court on October 15, 1999, naming UDI as the sole defendant and alleging that UDI "through its wholly owned subsidiary, Marley Electric Heating, designed, manufactured, assembled, tested, labeled, marketed, and sold baseboard, wall, portable, and unit heaters, including without limitation, the QMark Model 2E580 unit heater." (Compl. at ¶ 8.) The complaint was served upon UDI by certified mail on October 20, 1999. UDI removed the case to federal district court on November 19, 1999. At the time the notice of removal was filed, UDI also filed a motion for extension of time to answer or otherwise plead. Plaintiff did not object to the extension, and UDI was given until December 13, 1999 to file an answer.

On December 1, 1999, the Plaintiff filed a first Amended Complaint setting forth causes of action for negligence, breach implied warranty of merchantability, and strict liability.

UDI filed an answer to the amended complaint on December 14, 1999 which included nine separately stated affirmative defenses, but nowhere in the answer does UDI affirmatively plead that the QMark is manufactured by Marley Electric Heating, a division of its wholly owned subsidiary, The Marley Company. The answer does generally deny the allegation contained within paragraph twelve of the amended complaint, that the QMark heater installed in Plaintiff's poultry barn was designed, manufactured and sold by UDI. (Answer at ¶ 12.) However, it is admitted in the answer that "Marley Electric Heating has designed manufactured and sold heaters, including QMark model heaters." (Id. at ¶ 8.)

On January 4, 2000, the Plaintiff served interrogatories and requests for production upon the separate defendant UDI. At the defendant's request, the Plaintiff agreed to extend by thirty days (or until March 4, 2000) the deadline for answering the discovery.

UDI filed the instant motion for summary judgment on February 14, 2000, contending that it did not design, manufacture or sell the electric heater described in the Plaintiff's complaint. In the motion, UDI discloses for the first time that the entity that manufactures the QMark heater is Marley Electric Heating, a division of the Marley Company. (Mot.Summ.J. at 1.) On February 28, 2000, the Plaintiff filed a motion to amend the complaint to add the Marley Company as a party defendant and a response to the motion for summary judgment.[1]

## II. Summary Judgment Standard.

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, togeth-

---

1. The motion to amend was granted. However, UDI filed a lengthy and detailed response in opposition to the motion to amend contending that it would be futile to allow the Plaintiff to amend the complaint to name The Marley Company as a party defendant, because the three year statute of limitations on the claim expired on January 17, 2000. In permitting the amendment, the Court made no findings of fact or conclusions of law with regard to whether the amendment would relate back to the original filing date, or whether the statute of limitations would bar the Plaintiff's claim against The Marley Company. The relation back and/or the expiration of the applicable limitations are issues that should be raised by The Marley Company. The Court finds it interesting to note that while UDI has aggressively asserted that it is an entity separate and distinct from The Marley Company, it has at twice undertaken to defend this claim on behalf of its wholly owned subsidiary.

er with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If reasonable minds could differ as to the import of the evidence, judgment should not be granted. *Id.* at 250–51, 106 S.Ct. at 2511–12. However, the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "Summary judgment is only appropriate when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Callanan v. Runyun*, 75 F.3d 1293, 1296 (8th Cir.1996) (citations omitted). All disputed facts are to be resolved and all inferences drawn in favor of the nonmoving party. *Id.*

## III. Discussion.

Separate defendant UDI contends that summary judgment must be granted in its favor because "it did not design manufacture, assemble, test, label, market or sell the heater at issue. All of those actions were taken by a different entity, Marley Electric Heating (a division of The Marley Company.)" (Mot.Summ.J. at 1.) In response, the Plaintiff argues that summary judgment must be denied for the following reasons: (1) by failing to affirmatively plead that it is not the proper defendant in this matter, UDI has waived that defense; and (2) an issue of material fact exists as to and/or further discovery is required to determine whether UDI and The Marley Company are sufficiently interrelated so as to support a claim against UDI based upon an alter ego theory of liability.[2]

### A. Waiver of the Affirmative Defense.

Rule 8(c) of the Federal Rules of Civil Procedure requires that any "matter constituting an avoidance or affirmative defense" must be pleaded within an answer or responsive pleading. FED.R.CIV.P. 8(c). "The purpose of Rule 8(c) is to avoid unfair surprise to a litigant and to place the burden of pleading a claim or defense on the party who controls the information necessary to establish a claim or defense." *Laborde v. The City of New York*, 1999 WL 38253, *5 (S.D.N.Y.1999). The failure to plead an affirmative defense places the defendant at risk of waiving the defense and having it excluded from the case. *See Sayre v. Musicland Group, Inc.*, 850 F.2d 350, 354 (8th Cir.1988).

The Court is called upon to determine whether, under the circumstances of this case, the "wrong defendant" defense is an affirmative defense that UDI was obliged to plead in its answer. Fairness is an appropriate consideration in determining whether a defense must be pleaded affirmatively. A defendant should bear the burden of raising the matter if "all or most of the relevant information on a particular element of a claim is within the control of one party or that one party has a unique nexus with the issue in question ..." (Charles A. Wright & Arthur R. Miller, 5 Federal Practice & Procedure: Civil 2d § 1271 at 445).

Based upon the facts of this case, fairness considerations weigh against granting summary judgment to the Defendant UDI. It appears to us that the Plaintiff made a good faith effort to discern the correct name of the corporate entity under whose name Marley Electric Heating is operated. The notice of claim letter sent by Plaintiff's representative to Grainger in the Fall of 1997 was forwarded to Marley Electric Heating. For some reason, the notice of claim seemed to bypass The Marley Company, and it ultimately ended up being referred to CSSC, the

---

**2.** The Plaintiff also contends that summary judgment must be denied because "UDI mislead Plaintiff regarding the identity of the proper defendant in this case. UDI and the Marley Company should therefore be precluded from asserting a statute of limitations defense in support of this motion and for any other purpose by operation of the doctrine of equitable estoppel." (Resp.Mot.Summ.J. at ¶ 3.) As previously noted, the statute of limitations issue is not properly before the court at this time. This opinion is limited to addressing the issue(s) raised in the motion for summary judgment, which is whether UDI is a proper defendant in this case.

claims administrator for UDI. However unintentional, the misstatement contained within the letter from UDI's agent, CSSC, that Marley Electric Heating is a wholly owned subsidiary of UDI, played a significant role in bringing about the Plaintiff's belief that Marley Electric Heating was a wholly owned subsidiary or division of UDI. The Defendant points out if the Plaintiff believed that Marley Electric Heating was a wholly owned subsidiary of UDI, then the Plaintiff should have named Marley Electric Heating as the defendant. This argument does not consider that the Plaintiff's attorney confirmed that Marley Electric Heating was not a corporate entity. By describing Marley Electric Heating as a wholly owned subsidiary in the amended complaint, the Plaintiff merely echoes the choice of words used by Defendant's claims administrator. In fairness, UDI should not be allowed to prejudice the Plaintiff's claim by taking advantage of an error it helped to create. This is especially the case when the correct information was always within the control of UDI. Based upon the foregoing, we find that UDI had an obligation to affirmatively plead the "wrong defendant" defense in its answer. As UDI did not do so, the defense cannot be used to obtain summary judgment at this point in the proceedings.

### B. The Alter Ego Theory of Liability.

The Plaintiff has requested time to conduct discovery and obtain evidence in support of its theory of liability against UDI. The Court finds that it is reasonable and appropriate to extend the time in which the Plaintiff must respond to the motion for summary judgment with regard to this issue. Therefore, the Plaintiff's request for a continuance will be granted.

### IV. ORDER.

IT IS HEREBY ORDERED that with regard to the issue of whether the Defendant was required to affirmatively plead the "wrong defendant" defense, the motion for summary judgment should be and hereby is DENIED.

IT IS FURTHER ORDERED that on or before the close of business on Friday, May 26, 2000, the Plaintiff shall file its response to the motion addressing the issue of whether there is a sufficient relationship between the Marley Company and UDI to support keeping UDI in this case as a party defendant.

IT IS SO ORDERED.